# CIRCUIT COURT OF THE CITY OF RICHMOND

Porter-Blaine Corp.

v.

Virginia Employment Commission

May 7, 1997

Case No. HH-664-3

BY JUDGE T. J. MARKOW

This is judicial review of Virginia Employment Commission Decision No. L-398, rendered May 14, 1996, by Respondent. Having reviewed the record and considered the arguments made by counsel, the Court renders the following decision.

Petitioner is in the business of residential drywall installation and finishing in the Virginia Beach area. Petitioner's position is that the drywall installation and finishing work is performed by independent contractors (installers). These installers are either contacted by Petitioner or contact Petitioner to determine if work is available. They are paid on a negotiated piecework basis based upon the number of boards installed and/or finished. Each job is individually negotiated, and the pay per board is established based on the experience and skill of the installer and the difficulty of the job. Upon completion of a job, the installer submits a "pay requisition" form on which the installer is paid after the Petitioner's superintendent certifies that the job has been completed. The pay requisition form contains language that notifies the installer that, as a subcontractor, the installer is responsible for workers' compensation and liability insurance. The installers are not supervised by Petitioner. They work whatever hours they wish, coming and going as they choose, in order to complete the job according to the specifications. They supply their own tools and transportation to and from the job sites. The Petitioner does supply the building materials.

The installers are issued 1099 tax forms to show the compensation paid to them during the year. Several of the installers who received 1099 forms from Petitioner worked for other employers who reported their wages to Respondent. None of the installers remaining in this dispute have business licenses, contractor's licenses, or federal ID numbers. However, all of them hold themselves out to the general business community as willing and able to perform drywall work and in fact perform drywall work on a job-by-job basis for various drywall contractors.

If an installer does not perform satisfactorily or does not complete a job as required, the Petitioner may withhold payment and refuse to use the services of that installer in the future. It may not, however, demand that the work be corrected. Sometimes, such a dispute has resulted in court action based on contract. There is no agreement between the parties which would specify either party's legal rights in the event one party terminates the services of the other.

The Commission has determined that the installers are employees of Respondent and has assessed unemployment taxes against it. The statute under which this appeal is taken requires only that the Commission's decision be supported by evidence and that there be an absence of fraud. Va. Code § 60.2-500(B)(2). The Court may not disturb the Commission's findings of fact unless the evidence is, as a matter of law, insufficient to support those findings. *Virginia Empl. Comm'n v. Peninsula Emergency Physicians, Inc.*, 4 Va. App. 621, 626 (1987). On review, the Court must consider the evidence in the light most favorable to the findings of the Commission. *Id.* Should the Court determine this case to be a close call, it should resolve its doubts in favor of finding employment to exist. *Virginia Empl. Comm'n v. A.I.M. Corp.*, 225 Va. 338, 346 (1983).

In order to determine that a person performing work for another within the meaning of Title 60.2 of the Code, the *Unemployment Compensation Act*, the Commission has the burden of showing that services were performed by individuals for remuneration. Such services are deemed to be employment. Va. Code § 60.2-212(C). Once established, the burden shifts to the employer to show by a preponderance of the evidence that its "employees" fall within an exemption and are not covered under the Act. The exemption provides:

Services performed by an individual for remuneration shall be deemed to be employment subject to this title unless:
1. Such individual has been and will continue to be free from control or direction over the performance of such services; both under his contract of service and in fact; and

2. Such service is either outside the usual course of the business for which such service is performed, or such service is performed outside of all the places of business of the enterprise for which such service is performed; or such individual, in the performance of such service, is engaged in an independently established trade, occupation, profession or business.

Va. Code § 60.2-212(C). In order to qualify for this exemption, the employer must show that the worker was free from control under § 60.2-212(C)(1), and that the worker meets one of the three requirements of § 60.2-212(C)(2). *A.I.M. Corp.*, 225 Va. at 346.

There is no argument advanced that the installers did not receive compensation for their work. As such, the burden is on Petitioner to show that it fits within the exemption.

At the outset, the Court notes that all of the Commission's findings of fact are supported by the record. As deference is to be given to any finding of fact which has evidence to support it, the Court will not take issue with any fact found by the Commissioner or the Special Examiner. The remainder of the Court's analysis shall be devoted to applying the existing law to those facts.

As noted above, the threshold test for this exemption is that the worker is free from control. Among the tests to determine whether the right to control exists are whether instructions have to be obeyed and whether either of the parties possesses the right to terminate the services of the other. *A.I.M. Corp.*, 225 Va. at 347 (citations omitted).

There is ample evidence, as presented in the factual section above and argued by Petitioner to support a lack of control by the Petitioner over the installers. There are only two arguments in favor of finding control, as explained by the decision below and argued by Respondent here. Those are (1) Petitioner supplies the materials so the installer is not entirely free to make decisions about how to complete the job, and (2) the work must be done to Petitioner's satisfaction, and if it is not, Petitioner may refuse to pay the installer and may refuse to give the installer any further jobs. These are conclusions of law drawn from the facts found by the Commission. The Court finds the Commission's conclusion incorrect.

Both of these factors are present in almost every scenario imaginable which involves an independent contractor. In fact, the Commission, in another decision, held that this was not the control contemplated by the statute:

It should be noted that any general contractor has the right to control and demand a required result from a sub-contractor with respect to his

work. The type of control envisioned by this statute is supervision and control over the method and means by which the desired result is accomplished. The evidence in the record in this case is overwhelming that the petitioner exercises no supervisory control over the method and means by which these hangers or finishers perform their duties. While the petitioner may have control over the ultimate result, this is not the control envisioned by the statute; if it were otherwise, all general contractors would be employers of their sub-contractors, a result which the General Assembly doubtless did not intend when it enacted this statute.

*Keith Whitt and James R. McCullen, Partners, t/a M & W Drywall, Va. Beach, Va. v. Virginia Empl. Comm'n*, Commission Decision L-124 (May 4, 1984). Therefore, the Court finds that Petitioner has met its threshold burden, under § 60.2-212(C)(1), of showing that it does not control the installers in their performance of their work.

The Petitioner must also present evidence to support one of the three tests outlined in § 60.2-212(C)(2). The first two of these tests, that the work performed was not in the Petitioner's normal course of business and that the work was not performed in any of Petitioner's places of business, are not in dispute here. In order to come within the exemption, Petitioner must meet the third test, that such individual, in the performance of such service, is engaged in an independently established trade, occupation, profession, or business.

To qualify under the "independent business" exemption, a putative employer must show that the putative employee had a proprietary interest in a business to the extent of being able to operate without hindrance from anyone and that the employee had the ability to sell or give the business away. *Peninsula Emergency Physicians, Inc.*, 4 Va. App. at 628. An "established business" is one that is permanent, fixed, stable, or lasting. *Id.* at 630 (quoting *Unemployment Compensation Comm'n v. Collins*, 182 Va. 426, 437 (1944)).

Despite the independence with which the installers operate, as shown by Petitioner, Respondent argues that the installers are not engaged in an independent business as they do not have their own business license, contractor's license, or federal ID number.[1] The Court agrees that, if the installers had these items, the analysis would be much simpler. However, the Court can find no support for a *per se* rule that, absent these items, an individual cannot be engaged in an independently established business under this statute.

---

[1] Those installers who do have such indicia of an independently established business are no longer in dispute as the Commission has declared that they are exempt from the Act.

In this case, the installers held themselves out to the business public as being engaged in doing drywall work and being for hire. They worked for Petitioner as well as for other contractors without control or interference from the Petitioner. The Court finds that Petitioner has met its burden under this statute and that the exemption should apply to these installers. They are not "employees" within the Act.